IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEWHITE JOHNSON,

                       Plaintiff,

    v.                                              OPINION and ORDER

JEAN LUTSEY, CRYSTAL MARCHANT,                  19-cv-952-jdp
NATHAN TAPIO, and SUE PETERS,

                       Defendants.

---

Pro se plaintiff Dewhite Johnson filed this civil action under 42 U.S.C. § 1983, contending that prison staff at two institutions failed to treat his thyroid condition. Johnson's complaint is before the court for screening under 28 U.S.C. § 1915A. I conclude that Johnson's complaint does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing Johnson's complaint, I will give him an opportunity to file an amended complaint that explains his claims more clearly.

ALLEGATIONS OF FACT

Johnson alleges the following facts, which I will accept as true for purposes of screening the complaint.

Johnson has a thyroid condition. On November 7, 2017, while he was incarcerated at Green Bay Correctional Institution, Johnson filed a health service request, asking to be seen for his thyroid condition. He had not had blood testing done since May 2016. Johnson was told that defendant Sue Peters, a nurse practitioner in the health services unit, had scheduled Johnson for new labs for July 2018. He continued to file health service requests until January 26, 2018, stating that he needed to be seen for symptoms he was experiencing. On February

2, 2018, defendant Jean Lutsey, the health services manager, responded that Johnson had been seen several times for his symptoms, and that Johnson did not need new labs or testing for his thyroid before July 2018.

On June 22, 2018, Johnson was transferred to Waupun Correctional Institution. Johnson requested to be seen by a medical provider, and he was told that he had an appointment scheduled for July 27, 2018. The appointment was then rescheduled to August 6, 2018. On July 31, Johnson wrote to defendant Crystal Marchant, the health services manager at Waupun, about not being seen and about the lab orders from Green Bay that should have occurred in July.

On August 6, 2018, Johnson had an appointment with defendant Nathan Tapio, a nurse practitioner at Waupun. Johnson told Tapio that he had injured his knee recently. Tapio ordered an x-ray, which showed that Johnson had osteoarthritis in his right knee. In September 2018, Tapio diagnosed Johnson with familial hypocalciuric hypercalcemia. Tapio also ordered that Johnson receive physical therapy for his back. There was some delay in Johnson receiving physical therapy, but Johnson does not allege that Tapio was responsible for the delay.

In April and June 2019, another medical provider at Waupun ordered that Johnson receive a back brace and physical therapy for his knee. There was a delay in his receiving the physical therapy. In early September 2019, Johnson was told that joint and bone pain was a symptom of Johnson's thyroid condition.

ANALYSIS

Johnson's allegations implicate the Eighth Amendment of the United States Constitution. The Eighth Amendment's prohibition on cruel and unusual punishment

2

prohibits prison officials from acting with "deliberate indifference" to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A prisoner states an Eighth Amendment claim based on deficient medical care by alleging that (1) he has an objectively serious medical condition; (2) defendants knew that he had a serious medical condition that required treatment; and (3) defendants disregarded his serious medical condition by failing to take reasonable measures to address it. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Johnson's allegations that he has a thyroid condition suggest that he has a serious medical need. But Johnson has not alleged facts that would show that any of the named defendants acted with deliberate indifference to his thyroid condition. Johnson alleges that while he was at Green Bay Correctional Institution, defendants Sue Peters and Jean Lutsey refused to schedule early testing for his thyroid condition. He also alleges that he asked repeatedly to be seen for symptoms he was experiencing. But Johnson does not say what symptoms he was experiencing or why he thought he needed testing before July 2018. If Johnson's symptoms were mild or expected, Peters's and Lutsey's refusal to schedule earlier testing may have been reasonable. Without more information, I cannot infer that either defendant acted with deliberate indifference.

Johnson's allegations concerning defendants Crystal Marchant and Nathan Tapio, at Waupun Correctional Institution, are also vague. He alleges that he wrote to Marchant about needing a medical appointment, but then he alleges that he was seen by a medical provider within a couple of weeks of being transferred. He does not allege that the delay caused him any injury or that Marchant would have known that a two-week delay would harm him. As for Tapio, Johnson alleges that Tapio treated him on multiple occasions, ordered an x-ray and

3

physical therapy, and diagnosed Johnson with familial hypocalciuric hypercalcemia. These allegations do not show that Tapio disregarded Johnson's serious medical needs. Although Johnson alleges that there was a delay in his receiving physical therapy, he does not allege that Tapio or Marchant were responsible for scheduling physical therapy or that they can be blamed for the delay. Therefore, Johnson's allegations do not support an Eighth Amendment claim against any defendant.

Because Johnson's complaint is illegible in parts and his allegations are somewhat difficult to follow, it may be that I have misunderstood his allegations about his medical care and defendants' actions. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what the plaintiff believes they did to violate his rights. The complaint must also contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Johnson's complaint does not meet this standard, but I will give him the opportunity to include additional allegations that clarify his claims.

If Johnson chooses to file an amended complaint, he should keep it short and to the point and draft it as if he were telling is story to people who known nothing about his situation. He should include allegations that would allow someone reading the complaint to answer the following questions:

- What are Johnson's serious medical conditions?
- What symptoms was Johnson experiencing during the relevant time period?
- What treatment did Johnson want to receive from defendants?

4

- What treatment did Johnson receive?

- Why did Johnson think the treatment was inadequate?

- Did Johnson suffer any harm because of inadequate treatment or delay?

- Who was responsible for the delays in treatment?

- Why does Johnson think each of the named defendants should be held liable?

If Johnson files an amended complaint, I will review it under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that:

1. Plaintiff Dewhite Johnson's complaint is DISMISSED without prejudice for its failure to comply with Fed. R. Civ. P. 8.

2. Johnson may have until March 31, 2020 to fil an amended complaint that clarifies his claims and complies with the rules set forth above. If Johnson does not submit an amended complaint by March 31, 2020, I will enter an order dismissing this case for failure to state a claim upon which relief may be granted. I will also issue a strike against Johnson under 28 U.S.C. § 1915(g).

Entered March 10, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge