# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEWHITE JOHNSON,

        Plaintiff,

v.

HANNAH UTTER,

        Defendant.

Case No. 20-CV-989-JPS

**ORDER**

Plaintiff Dewhite Johnson, a prisoner proceeding in this matter *pro se*, filed an amended complaint alleging that Defendant violated his constitutional rights. (Docket #17). On June 10, 2020, Judge James D. Peterson[1] screened the amended complaint and allowed Plaintiff to proceed on a claim of deliberate indifference in violation of the Eighth Amendment, against Defendant Hannah Utter, for allegedly failing to provide adequate medical treatment in September 2015. (Docket #23).

On July 1, 2020, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies on the claim against her. (Docket #33). This motion has been fully briefed, and for the reasons explained below, will be granted. The Court will also address Plaintiff's pending motion for request, (Docket #37), motion for extension of time, (Docket #38), motions to compel, (Docket #42, #44, #51), motion

---

[1]Defendant filed an unopposed motion to transfer the case from the Western District of Wisconsin to the Eastern District based upon venue. (Docket #26). On June 30, 2020, Judge Peterson granted Defendant's motion and ordered that the case be transferred to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a). (Docket #30). On July 1, 2020, the case was assigned to this branch of the Court.

requesting response, (Docket #47), motion to appoint counsel, (Docket #49), motion for leave to file an amended complaint, (Docket #50), and motion for settlement offer, (Docket #52).

1. **LEGAL STANDARDS**

    1.1 **Summary Judgment**

    Federal Rule of Civil Procedure 56 provides that a Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2 **Exhaustion of Prisoner Administrative Remedies**

    The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of*

*Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id.* § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC

310.10(10).[2] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Plaintiff was transferred from Dodge Correctional Institution to Green Bay Correctional Institution ("GBCI") in September 2015. (Docket #23 at 2). Shortly after he arrived at GBCI, he saw Defendant Hannah Utter ("Utter"), a nurse, for an initial health screening. (*Id.*) Plaintiff told Utter he was in extreme pain and feeling sick. (*Id.*) Allegedly, Utter did not order lab work or schedule Plaintiff to be seen by a doctor. (*Id.*)

---

[2]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

Page 4 of 7
Case 2:20-cv-00989-JPS   Filed 03/12/21   Page 4 of 7   Document 53

Plaintiff did not submit an inmate complaint regarding his allegations against Utter.³ (Docket #35 at 1). In fact, Plaintiff did not submit any inmate complaints between December 27, 2013 and March 27, 2016. (Docket #34 at 3; Docket #36-1 at 1). In his response brief, however, Plaintiff alleges that he filed an inmate complaint on November 16, 2016. (Docket #43 at 2–3). Plaintiff has not provided any evidence of this complaint.

3.  ANALYSIS

Defendant Utter alleges that Plaintiff has not exhausted his administrative remedies on the claim against her, and therefore, the case must be dismissed. Plaintiff filed several documents in response, most of which focus on the merits of his claim, which are not currently at issue. Additionally, Plaintiff argues that he did exhaust his administrative remedies when he filed an inmate complaint on November 16, 2016. Plaintiff's argument on exhaustion is insufficient to defeat summary judgment in this case.

Under Wis. Admin. Code § DOC 310.07(2), an inmate must file an offender complaint with the ICE within fourteen days of the events giving rise to the complaint. Based upon the undisputed facts, Plaintiff did not file *any* inmate complaint related to the September 2015 incident with Defendant Utter. Accordingly, Plaintiff has failed to exhaust his administrative remedies as to the claim in this case.

Further, even if Plaintiff did submit an inmate complaint regarding Utter in November 2016, it would not be material to the outcome herein.

---

³Plaintiff failed to respond to Defendant's proposed findings of fact, and therefore, they are undisputed. Civil L.R. 56(b)(4). The Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Thus, Plaintiff's failure to file an inmate complaint against Utter stands undisputed for summary judgment purposes.

The PLRA requires strict compliance with the rules in order to exhaust administrative remedies. *See Burrell*, 431 F.3d at 284–85. The alleged events with Utter occurred in September 2015. Plaintiff's submission of an inmate complaint in November 2016 came more than a year late. *See* Wis. Admin. Code § DOC 310.07(2). Therefore, even accepting Plaintiff's allegations as true, he still failed to exhaust his administrative remedies on his claim against Utter.

In sum, it is clear that Plaintiff failed to exhaust his administrative remedies on the claim in this case. Therefore, the Court will grant Defendant's motion for summary judgment and dismiss this case without prejudice.[4]

### 4. CONCLUSION

For the reasons explained above, Defendant's motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies, (Docket #33), will be granted. Given that the Court is obliged to dismiss this case without prejudice, Plaintiff's pending motion for request, (Docket #37), motion for extension of time, (Docket #38), motions to compel, (Docket #42, #44, #51), motion requesting response, (Docket #47), motion to appoint counsel, (Docket #49), motion for leave to file an amended complaint, (Docket #50), and motion for settlement offer, (Docket #52), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment for failure to exhaust (Docket #33) be and the same is hereby **GRANTED**;

---

[4] Although it seems clear that Plaintiff will not be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that Plaintiff's motion for request (Docket #37), motion for extension of time (Docket #38), motions to compel (Docket #42, #44, #51), motion requesting response (Docket #47), motion to appoint counsel (Docket #49), motion for leave to file an amended complaint (Docket #50), and motion for settlement offer (Docket #52) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge